3, Concordia Partners v. Marcel Pick, et al. Good morning. May I reserve two minutes of rebuttal? Yes. My name's Jim Poliquin. I represent the appellant, defendant, Pick, and I'm the attorney for the Anna Promises and Marcel Pick. We had received a notice a few days ago to be prepared to discuss a jurisdictional issue and I don't know whether the court wants to discuss that initially or... Well, since nothing else matters if we don't have jurisdiction, it seems like a good place to start. I agree. With respect to that issue, I believe section 1450 does have the effect, and the majority of courts seem to have held this, that it effectively federalizes any state court, in this case, plenary injunction order or other order once it's removed to federal court and that particular action isn't necessary by the federal court to make that the equivalent of a federal decision in order. That seems to be the vast majority rule and looking at the first Fifth Circuit case cited here, the Adams case, and some of the Fifth Circuit cases, where there seems to be a peculiar twist is when the case is removed when it's on appeal in a state court. It's already in the appellate level and that creates at some level a different complication because at that point you don't even have a federal judgment even though you have a final judgment in state court. It went to a state appellate level first. And when you have a normal removal, 99 out of 100 times in the early part of the case, even after state court decisions, you never get to a point where after a final judgment and there's appeal, it would be a federal court final judgment. And so I think that creates a little more of an awkward, peculiar situation than simply recognizing in a more garden variety removal early in a case and then there's been some prior court decisions like plenary injunctions or other kinds of decisions, simply finding, as most courts have, that those decisions are effectively federalized. Can I ask you about that because I think it's clear that it's federalized in some sense, but the question is whether it's an order of the district court that can be appealed under 1291. And that's where I'm having trouble. Is there any circuit that's held that it is an order that can be appealed? I think that, I'm not aware of any circuit in the time that we got this and I looked at it, I haven't found a circuit court of appeals that is on all fours of this particular case. And the only circuit I know of that's really addressed the issue, I understand the wrinkle you're mentioning, is the Fifth Circuit, which seems to go the other way. Well, in the Fifth Circuit, it's interesting because there are, I think, some other Fifth Circuit decisions that say, again, not in this admitted context, but clearly say that this Section 1450 has the effect of federalizing. Well, it does in the sense that for purposes of the federal district court deciding how to treat the state preliminary injunction, should it give a deference? The Third Circuit, I guess, has said no, don't treat it with deference, treat it just like its own, you know, under the federal rules, you don't owe comedy to it, all those type of questions. But I guess, maybe just answer this practical question, we have to review an order of a federal district court. And the federal district court has to apply the federal preliminary injunction standards in order for there to be an interlocutory appeal of a preliminary injunction issued by a federal district court. And at the time this appeal came, the federal district court simply had not done that. It had not evaluated the preliminary injunction under federal preliminary injunction standards, so what are we reviewing? Well, I don't, I guess I don't believe that that in these instances there needs to be essentially a whole new process. I think the federal district court can, in almost a ministerial way, acknowledge and accept it as its decision. Did that happen here? Well, there's two contexts in which arguably that happened, because I think it's clear that the federal district court certainly isn't compelled to get into the substantive merits as part of this exercise. It can simply say I'm treating this as if it's my own decision. Initially, the posture of this case was awkward because once it was removed, there was a motion to remand. And so there was no vehicle at that time to get the district court to do anything substantive until he ruled on the motion to remand. The appeal period, however, would be running. And that's why we extended it. We went to the district court and said, this preliminary injunction order, we want to extend the time to appeal this order. And the court acted on that motion and granted that. And since we're looking at simply, I won't say ministerial might not be the technical word, but what the district court has to do to recognize its existence and validity isn't a re-examination of the merits. And that act in and of itself can be interpreted as... What's the act you're referring to? The act of granting our motion specifically to extend the time to appeal this order that was now a federal district court order functionally. That made the preliminary injunction order of the district court? Well, it acted on a motion pertaining to the order no differently than if it was a federal order. It wouldn't make any sense to say that that act was pertaining to an order that wasn't even an order of the functional equivalent of an order of the federal court. Then later, as the notice to us indicated, obviously there was then a motion for contempt of this preliminary injunction, which the court ended up addressing on the merits. So that's well after the notice of appeal, right? Well, it's after the notice of appeal, but under normal circumstances, if a notice of appeal ends up getting filed prior to a time, not typically this kind of situation, my understanding is it's usually considered as a valid notice and not necessitating a refile. Counsel, to make it seem less a fiction that we are actually reviewing a decision of the federal district court, what would be wrong with a rule that requires the federal district court to, in some formal sense, adopt it as its own, not sort of leave it as the kind of presumption that it has adopted, but actually require it to take some formal action to adopt it? It could perhaps do that in a very summary way, or it might, as Judge Barron suggests, actually look at it substantively and apply the federal preliminary injunction standard. Because we do not seem to have a rule in our circuit yet. We're in a position to establish a rule. What's wrong with a rule that would require some formal action by the district court?  In a policy sense, why wouldn't it be a good rule? Well, I think there's no way, if the judge does something that's the functional equivalent in recognizing it as an order of the court, I don't know why there would be a necessity to have the court revisit it, uh... revisit the substance of it if the court wasn't inclined to revisit the substance of it. The whole point of it, I mean, the way the existing rule reads, is that it's deemed an order of the court unless it's dissolved or modified. It does not say that. I mean, if it did say that, I would understand, although that might raise its own issues about whether Congress could force an order on the district court. But what it says is that it shall remain in effect, which is different than saying it's an order. In fact, it remains in effect as the state preliminary injunction. It's not dissolved until the district court dissolves it. But I guess what does the PES is asking, what I'm asking to know is what's the problem with saying that the district court has to embrace that order as its own if you want to do an interlocutory appeal of it? Well, I don't think that, you know, it obviously doesn't create some problem if that were established as the rule, so it doesn't create a problem in that sense. The real question here for today is whether that's already already the rule, uh... as opposed to sitting down and creating a rule. What the rule is today based on the way most courts, I believe, have interpreted that particular section is that it does have the effect of officially federalizing. And I understand the court's distinction. You can federalize it in some sense, but maybe not in every sense. But if the decision were made to go through a different exercise, then to me that could occur, but that's not really what we're working with here for an existing rule. And most courts deem it as federalizing it. I do think the Adams case and these other cases where you've already had a final judgment and you're in a state appellate court, and so you haven't even gotten to a final, it gets to the federal court and you have final judgments which have a qualitative, to me a qualitatively different in some respects for other purposes to meet a federal judgment. If you're going to have a federal case and ultimately it's a judgment, you need a federal judgment for all sorts of other purposes. That rationale isn't really as applicable to a rule. A judge that doesn't want to accept a state court order certainly can take action to dissolve it or amend it or do whatever in the normal course, but it should be deemed to be that court's order, functionally, upon removal. I know your time is up, but I have a different question for you. Assuming my colleagues and I get beyond the hurdle of whether we have appellate jurisdiction and find that we do, the question that I have is I'm trying to figure out how the district court has subject matter jurisdiction. I'm trying to figure out why, because it seems to me that there's a contract provision which makes dispositive the issue of ownership of the copyright. And it's simply a matter of interpretation of the contract and application of the contract. And I don't, and I'm having a difficulty seeing where there's subject matter copyright jurisdiction. Well, because for several reasons, obviously there was a motion to remand filed with the district court and that was fully briefed with all of those particulars. It's not included in any of the briefs here, but obviously they're available to the court to see what the briefing was on that. As opposed to a remand that just got blindly accepted. But we have to make a determination as to whether we think the district court erred and not remanded. Well, and I would certainly refer the court to the pretty voluminous briefing on that as a practical matter. One of the reasons the district court held was because there was a copyright counterclaim and because of a unique specific provision pertaining to copyright counterclaims, that that justified removal, even though in many other contexts a counterclaim does not. That was one of the reasons. The other reason was that essentially what they were infusing in this state court case was a copyright claim essentially in disguise. Because they're seeking basically to enjoin, the injunction is to enjoin publication based on a violation of copyright. Counsel, if you say it's a copyright claim in disguise, how does that advance the argument that there really is subject matter jurisdiction? You just seem to be confirming Judge Thompson's point that there really is not a copyright claim in the case, either in the initial complaint or in the counterclaim. It's a copyright claim if someone has two components to a complaint. One is the state law issue of under the contract who owns the copyright. If count two, or they blend it together, oh, and you violated that, we want an injunction because you violated that copyright. But who owns the copyright depends on how the contract issue is resolved. And the contract determination is dispositive of ownership. I know, but then if in a claim you're going beyond, you're not trying to just establish ownership, you're then seeking an injunction for violating the copyright. Is the theory that it's pen and pen? If someone is bringing... No, I just, but I understand, if you bring a, if you bring a suit in which you need to establish two things, ultimately you want an injunction under the Copyright Act. To establish that, you first have to say you own the copyright. To show you own the copyright, and you haven't contracted away or something like that, there's going to be a state law matter that's a threshold question. Is the argument that the threshold state law question is not a problem for jurisdiction because it's just pendant to the additional federal copyright claims that's there? I think, I think that's true. Somebody who sues somebody else for violating a copyright might always have that preliminary issue. So I totally get that. In this case, the complaint only mentions the state law kind. If I read the district court right, there's no mention of the federal copyright claim in the complaint. Is that right? There's no mention calling it that, but they're seeking a preliminary injunction. Once they've established, they're seeking it. So do we know of a case, I guess this is the question, do we know of a case in which, I know you, here's, if I bring a contract action in state court, under state, I mean in federal court under state law, and I seek a remedy that's not available under state law, I don't usually think we go looking around the statute books to find a statute that would allow that remedy that I might have pled. We just say you don't get that relief under state law. So what the district court seemed to do here is it said, well, since you're seeking relief that you couldn't get under main contract law, you must have been pleading federal copyright law. But in fact, there was no federal copyright claim pled. So in that situation, why does it make sense to say, in fact, they must have been pleading federal copyright law? Because once you establish the ownership, the state court action was clearly then, after that, seeking relief that required the determination, once you determine who owns the copyright, you can't get an injunction for violating it unless you're seeking, unless you're seeking a determination of a violation of the copyright. Which is why we usually require people to plead that cause of action. But if they don't, I don't see why that invests with jurisdiction. Why don't we just say, well, you're seeking remedy that under main law you can't get? The issue of whether this particular second amended complaint on its own would have generated federal jurisdiction was just one of the components that were all intertwined in the remand. And the counterclaim was the other one. It was clear that they were, they had these two actions going in the same, in the federal court and state court and they opted to essentially seek an injunction for violating copyright which would have required the determination, who owns the copyright to an article? Doesn't even answer the question of what in that article actually is protected by copyright. You can't enjoin somebody from publishing an article unless you've identified in the copyright, the federal copyright question of what's in this article is protected by federal copyright. And so. But by contract, you can contract away copyright protection, federal copyright protections that you may have. Oh, I agree. You can give them up in a valid contract. And that's fundamentally, on the substance of the appeal, that's our whole point is that in the private contract, this contract clearly is not unambiguous as to what the party's intended to be, the particular contributions that would ultimately assign ownership. And when you basically, and the reason Your Honor states is that the parties could agree, could have agreed that any kind of contribution is relevant to the analysis. I could bill somebody a deck and the consideration could be the copyright. For the superior court judge to accept their argument that the contributions that Marcel picked, some of them anyway, were disqualified as being contributions that the parties contracted to be relevant, the sole basis for that was that, well, you can't copyright an idea. I mean, the notion to infuse into the state law contract issue the presumption that regardless of what the party says. You're just confirming the point that this is not a copyright dispute. You're saying that the judge made a mistake because he imported into the contract analysis a copyright concept that really has nothing to do with how the licensing agreement should be interpreted. Isn't it, as again, Judge Thompson's indicating, it's the licensing agreement that is at the heart of this dispute and an injunction was sought because of a violation of the licensing agreement. Isn't that so? The licensing agreement justifying who owned the copyright. After that, it's a federal copyright issue. Once you decide ownership, whether you violated a copyright is no longer a state contract issue. It's, this contract says who owns the copyright. If after the relationship's over with and one party owns the copyright and the other one doesn't, then you bring an action to enjoin somebody from violating the copyright. That's a copyright claim. Maybe I ask it a different way. Under the federal rules, you've got to plead the claim. Just a simple point. You can't possibly win if you haven't plead the claim. So it seems odd that for purposes of jurisdiction, you don't have to plead the claim. It's enough to seek a remedy under state law that state law doesn't provide. And because state law doesn't provide it, the district court will assume you pledged something you didn't in order to invest it with jurisdiction. That seems kind of backwards. Well, I think that it's certainly, in our judgment all along, and we weren't involved in the case at the time of the injunction, so I can't speak for personal involvement at that, but it was always the view. But you guys are the ones who removed it, remember. What was that? You are the ones who removed it. Actually, prior counsel removed it. Well, the defendants removed it. Yes, Your Honor. Well, it was removed because for a couple of reasons. One is, there was going to be a counterclaim copyright, which was asserted. And also, the way the state court was treating this issue was as a copyright issue. It was issuing an injunction for violating a copyright after determining the state law issue. Who owned the copyright? You know, the issue of ownership is frequently one threshold component of what would otherwise be 100% a federal copyright claim. And what they went into, and they went into the state court and said, the reason, not only should federal, we want an injunction for violating the copyright, you ought to apply federal copyright law to determine what these private parties contracted as being relevant to copyright ownership. And that if it couldn't give you copyright under common law, under federal copyright law, it wouldn't be enough. The parties must not have contracted for it to be relevant. That makes no sense whatsoever. Because the state court may have been misapplying the law, doesn't mean that it therefore confers federal jurisdiction upon us. No, I agree. I mean, I think that obviously we didn't brief for this court the substance of the motion to remand. Obviously, the court has access to all of those arguments. And I mean, ultimately, obviously the court needs to decide whether it has jurisdiction. I haven't ever been involved in a case in which a motion to remand has been denied by the district court, and then other matters come up to the court in the interim. And that's viewed as a threshold issue. Obviously, if we had rebriefed it, it probably would be comparable to the briefs that have already been filed. And I think for all the reasons stated in those briefs, we believe the federal district court properly denied the motion to remand. Thank you. Thank you. Good morning. Good morning. My name is Daniel Nuzzi. I represent Concordia. We believe that this court should affirm the preliminary injunction order in this case. I assume you're going to address the jurisdictional concerns that we have? Yes, Judge Thompson. Okay. With respect to the issue on the remand, we believe that the district court erred in not... Could you mind just starting with the appellate jurisdiction issue? Because we have to deal with that before we can get to this. Yes, certainly. We did look at this issue when the appeal was first filed and believed that this court did have jurisdiction based on the analysis in the case from New Jersey that the court cited to us that it does get federalized. And so that was the presumption that we were operating under. But in that case, if I remember, it wasn't the district court there basically trying to figure out whether or not to defer to how much weight to give to the state court's preliminary injunction order, which is a different issue here. We don't know what the district court thinks of this state court order at all, whether it should defer to it, whether it should reject it, whether it likes it, whether it hates it. It hasn't said word one about that state court injunction, and yet we're on appeal supposed to be reviewing the district court's handling of that order. I just think that seems strange. Well, I agree the court hasn't had a chance to look at it. But there was a motion to dissolve it filed by Pick, and the court deferred on that saying I can't look at that order right now because the injunction is up on appeal. The court did look at the contempt motion and ruled on that issue. After the notice. Correct. Correct. But subsequently there was a motion to reconsider filed by Pick in the superior court, which was denied. Then there was a subsequent motion more recently this year filed by Pick in order to dissolve the motion, and that's the one Judge Singal said that he would not rule on because of the fact that this case is now up on appeal. I'm sorry. You're saying there was a motion for reconsideration filed in the district court prior to removal? No. No. There was a motion for reconsideration filed in the state superior court prior to removal, which was denied. After the appeal, the interlocutory appeal to this court, there was more recently this year Pick filed a motion to dissolve the preliminary injunction, and Judge Singal basically said I have no jurisdiction to look at that issue because the injunction itself is up on appeal. So if we have no appellate jurisdiction, he's then free to act on that motion? Correct. And then whatever he does on that motion, that could be appealed? Yes. And then we could have the benefit of Judge Singal's review of whether or not a federal court should be issuing or allowing a preliminary injunction in this case? I agree. So what would be – but yet you say we do have appellate jurisdiction. What's wrong with that process? That's how we analyzed the case initially. And certainly I don't want to stand in your way of saying you don't have jurisdiction if that's the case. It's just that we saw it that way initially, and I don't really have much more to add than that. And on the second jurisdictional issue, I note that the plaintiff filed in both courts. I don't know if it was simultaneously, but you filed an original action in Superior as well as the Federal District Court. Is that correct? That's correct. And we filed a contract action in the State Superior Court based on – that was the initial complaint that was filed back in March of 2013, I believe, a breach of contract case. And then it was amended because of the fact that the agreement had ended and the articles at issue were, we believe, wrongfully copied by Pitt and placed on the website. State court action was amended in breach of contract because the contract provides that those articles are owned by Concordia in this case. And it was basically straight breach of contract because under at least the Noble versus Bangor Hydro case, a state one in Maine, the determination of who owns a copyright is a state law contract issue. So we pursued it there. I don't believe that the fact that the court found that under the ownership formula in the case, the fact that Concordia owns it and then seeks to enforce a preliminary injunction order turns it into a copyright case. The reason is that under the contract, the licensing agreement itself provides who owns the contract or who owns the intellectual property, and the contract states that after the termination of the agreement, one party is solely able to use their own intellectual property. So it is still a breach of contract whether or not someone wants to publish someone else's owned materials, whether it's copyright or if it's taking something else that someone owns. So your position then is that this does not belong in federal court? Well, we believe that Judge Singal erred in denying our motion to remand the case. And we did not rebrief that fully and believe that position for the reasons put in our briefs on that issue. We did not believe at the time that his denial of the remand was an order that we could appeal interlocutorily to this court at that time, but would perhaps at the end of the case depend on it. I agree that the denial of an order to remand is not appealable, but I'm still trying to reconcile the fact that you filed an action in the first instance in the federal court arising out of this same set of facts. So in some sense, you believed that there was original federal jurisdiction because the state court action eventually got consolidated with the original federal action that you filed here. Correct. Well, we filed an action in federal court for copyright infringement. Originally, the first case was in state court for a breach of contract. We were faced with arguments from opposing counsel that in state court, you couldn't argue for an injunction or any ownership because this is a copyright issue. And in the federal court, they were arguing that you couldn't make the argument that this is copyright because it's all governed by state law under contract. So we were protecting our bases on both sides so that we weren't caught in between of being nowhere with no relief available in either court. But you didn't plead both causes of action in either complaint? In other words, one way to protect yourself would have been to file a complaint that pled both the state law action and the federal copyright claim in federal court, and then you would say the state law claim is pendant to the federal copyright claim. That was not done, I take it? That was not done. The federal court case was filed subsequently. It was just a pure copyright case? Yes, because we had a pendant. Because you already had one on the state court contract or what? No, the state court case had been ongoing for six months or so, I believe. So we filed in federal court on the copyright. We did not then state. Also, we're going to add our state court contract case claims to that. And what's your response to the district court's contention that that state law contract action, because you sought disgorgement and a permanent injunction, must have been a copyright claim since the kind of relief you were seeking is not the typical relief that you could get under main contract law? Well, our position was that in the state court we were seeking breach of contract action for ownership of the articles and we were seeking breach of state law remedies as well because under the licensing agreement, Concordia owns the articles and PICC is prohibited from using them after termination. And so to the extent it's disgorgement or another contract or equitable remedy doesn't necessarily turn it into a breach of copyright law. Counsel, I just want to return briefly to the appellate jurisdiction issue. Frankly, I don't think either of you appreciate sort of the oddity of this case for us on that issue because in assessing this interlocutory appeal and the merits of the argument, we are put in the position of reading a decision of the main superior court. And all of the arguments as to whether that preliminary injunction was properly issued, they're all premised on a decision of the main superior court. And so it is a total fiction to suggest that we are reviewing a decision of the federal district court. That's a very odd position to be put in, and it seems to me to sort of argue the wisdom really of a rule which we are, it seems to me, free to adopt, that requires the district court, the federal district court, to take some action with respect to that preliminary injunction ruling. Otherwise, we are truly reviewing directly a decision of the main superior court, which is a very odd position for us to be in. Well, I agree that that is what you would be doing. You are reviewing injunction under Rule 65 on a main state procedure. It happens to be in this situation that Rule 65 under the main Rules of Civil Procedure is patterned after the federal rules. So although it is the same, you are looking at a different court's orders, it is similar under those rules. But I understand the argument that you're making. Thank you. Thank you. Just briefly, I think in terms of the procedural history, it was a state court proceeding brought by Concordia while the contractual relationship continued to exist between the parties before that terminated. Then after the termination of the relationship in October 2013, when everybody went their own ways doing their own things, that prompted the filing of a federal copyright complaint by them. And they also then amended their state court complaint to essentially assert the functional equivalent of the same thing. And they filed nearly identical, substantively, motions for preliminary injunction in federal court on the copyright thing and in state court. And Judge Singal in the federal court said, well, at least the threshold issue of who owns the copyright is a state law issue, so let that go in state court. And then I disagree that the action that is brought not to determine who owns it, but then to determine whether someone's violated that copyright and what are the remedies and what to do, they clearly subsumed that into their state court action, which is functionally no different than the, oh, we want an injunction in the federal court action for violating the copyright. The judge in the federal court said, well, I'm not going to act on that because ownership has to be determined first, and let that go in the state court. And then once you're in the state court, it took on a life of being a – it took on the injunction. Maybe this will help me. Is the point of what you're saying now that suppose that the state contract issue was resolved and ownership was determined in favor of Concordia, if that's all that was resolved and that's all they had pled, what would be the remedy for the judgment that you own the material? The remedy is once copyright ownership is determined, if you believe somebody has violated it, it becomes a typical copyright claim. In other words, your point is you can't – you wouldn't be entitled to any relief. That's just like a declaratory judgment essentially. You own the copyright. But now if you want to enforce the copyright, that only can be a copyright claim. So any relief for the injunction must have been a federal copyright action. Is that the argument? There's no provision in this agreement that says – there's provisions that address how we're going to figure out who owns the copyright. After that, it's assumed that the law takes over whether someone has violated the copyright later. And that's a totally independent, completely federal analysis. So to the extent they were seeking discouragement and preliminary judgment, so they must have been, this would be the argument. We have to have violated the copyright. Otherwise they couldn't possibly get that relief. That's my view. And that's why we felt that when we – that this is like the federal copyright, federal case in disguise. We obviously have the same copyright argument, so there's a counterclaim brought, which creates the other jurisdictional issue on the remand. I think that in terms of Justice Lopez, I mean, you're probably right that neither of us fully appreciate the subtlety of this problem. But I don't see why from the point of view it's perfectly acceptable for a federal district court judge to treat a state court order as its own. It'll be deemed as its own without even doing anything. And it can behave as its own without regards to, say, comedy issues or something like that. Then why that is more problematic for the circuit court to say, if it's the district court order for the district court, why can't it be for the First Circuit? Now, I agree that you have to satisfy jurisdiction. But if you interpret this provision to mean that it's a federalized decision without requiring action, at least when you're not dealing with these peculiar final judgment problems of removals after appeal, which to me create a unique set of circumstances for a variety of reasons. I just think that that's not really a fundamental problem, that you're effectively reviewing what has been turned into the federal district court decision by operation of Section 1450. Well, take a case in which the state court rules for preliminary injunction were just quite divergent from the circuit's rules for a federal preliminary injunction, which in principle could easily happen. There could be some wrinkle that makes it very different. The federal policy, as I read it in the copyright removal provision, is to say, we want to keep the status quo. We want you to be able to basically wipe out what happened in state court just by removing. So that federal policy is completely enforced by treating it as federalized so that they stay in place. But for purposes of appeal, if we're now trying to review, did the district court get it right or wrong, and there's a divergence between the state court preliminary injunction rules and the federal court preliminary injunction rules, and the federal courts never applied the federal preliminary injunction rules, we would actually be reversing the district court because the state court properly applied state court preliminary injunction rules.  That's inherent in the same problem in terms of what does the federal district court judge do. If a federal district court judge believes the state court made a perfectly correct decision under state preliminary injunction rules, but there's been no decision under federal rules. But that's what I'm saying. The federal policies keep the status quo, so the federal court's entitled to leave it in place, but he's also entitled to apply federal or she, federal preliminary injunction rules to get rid of it. And until that happens, there's really nothing for us to review. And whether or not there should be separate rules for separate kinds of situations, I don't believe in this case, although certainly nobody's briefed it or suggested it, that with respect to what our threshold issue problem is with this preliminary injunction, it's not a matter of the subtleties of the distinctions or nonsubtleties that might exist between state and federal preliminary injunction rule that create the problem that I can see that being a quirky problem. But it's a problem that doesn't just arise when it gets to the appellate court. It's a problem that's sitting there in front of the federal district court, too. What do you do when you accept these orders as your own unless you modify them? Is the federal district court actually, upon request, saying, hey, you should dissolve or do something to this injunction because its legitimacy could have been perfectly legitimate, but because of this difference, it actually no longer meets the federal standard. You know, that's not an issue here. Now, whether there should be separate rules for that unique kind of problem, which is kind of a unique problem, I think, I don't know, but I don't see that fundamentally there's a problem. And if you're going to say a court order prior to removal and the case is chugging along, a court order is federalized and is the order, the functional equivalent, without having to do anything, of the order of the district court, that it shouldn't be that problematic for if it's an interlocutory appeal thing, that it come up in the normal course no differently. And that there isn't a requirement that the federal district court engage in the substance of it before that occurs because it's already deemed to be its order. Somebody can go ask them to change it as an alternative to appeal. They can ask them to reconsider. We couldn't do that because the motion to remand was pending and the clock is ticking on appeal. We otherwise probably would have gone to him and said, look at this. But he would have declined, appropriately so, because he hadn't determined the remand yet and the time would have run out, so we were forced to appeal. After seeking the maximum extension allowed and there wasn't still a decision on the remand. And so that's why we got into this messed up situation at some level. But I do think 1450 federalizes it in this kind of a context that makes the appeal legitimate. And even if the district court has to do something, it did take some actions on it. I want to make sure one thing. If we decided we did not have appellate jurisdiction, there would be no bar to a motion to dissolve or a motion to embrace or whatever being filed at which point Judge Signal could act on that and then an interlocutory appeal of the order could arise. Is that right? That's true. If you were to determine you didn't have jurisdiction, you obviously would be eliminating what was Judge Signal's problem of even getting near the thing once we were forced to appeal it because we couldn't go to him earlier because of the remand tendency. Thank you.